GIVAN, Justice.
Appellant was convicted of Felony Murder,for which he received a sixty (60) year sentence and Conspiracy to Commit Robbery, for which he received a fifty (50) year sentence, the sentences to be served concurrently-
The facts are: Appellant and one Shawn Cook were friends who spent time together and used cocaine. Cook was the middleman who obtained the cocaine from a supplier. On February 17, 1992, appellant and Cook wanted to buy some cocaine but did not have any money. They discussed how they would obtain money. They decided they would commit a robbery by calling in an order for pizza, have it delivered to a vacant house where appellant once lived, and would rob the pizza delivery man when he arrived.
Cook obtained an aluminum baseball bat while appellant armed himself with a sawed-off billiard cue. Appellant sat on the front porch of the house awaiting the delivery while Cook hid around the side of the house. When the delivery man arrived, appellant engaged him in conversation while Cook slipped up behind him and hit him on the head with the bat. The victim fell partially on a chair. Appellant pulled him from the chair onto the floor of the porch. Cook handed appellant the bat and proceeded to take money from the victim.
When the victim started making noise and acting as though he were trying to get up, appellant struck him in the head at least three times with the bat. When a car drove in to a neighboring driveway, appellant and Cook fled taking the pizza and money from the victim. They acquired $350 from the victim, spent $100 for cocaine, gave two of their friends $25 each and split the remainder between them. The victim suffered extensive fractures to his skull and severe damage to his brain. He lived for about thirteen days in the hospital where he died of cardiac arrest brought on by the severe brain damage.
Appellant claims his enhanced sentences are unreasonable because they are not supported by proper aggravating factors and that mitigating factors were not properly considered by the trial court.
In sentencing appellant, the trial court listed the following aggravating factors:
1. The crime was committed by ambush while lying in wait:
2. It was premeditated;
3. The purpose was to obtain illegal drugs; and
4. Any reduced sentence would depreciate the seriousness of this senseless, brutal crime.
The court also listed the following mitigating factors:
1. Tidmore was not the actual striker of the deceased;
2. That he has no previous record;
3. That the intent was not to kill Mr. Bolner, although that was the result;
4. That Jeremy Tidmore was not the leader, he was the follower in this operation; and
5. That he (Tidmore) has no history of violence.
Appellant claims the acts of lying in wait, premeditation, and planning were relied upon by the State in establishing an element of the conspiracy. Thus it was improper for the court to use those factors as aggravators when they were an element proved by the State to establish conspiracy, citing Townsend v. State (1986), Ind., 498 N.E.2d 1198.
In the case at bar, there was considerable evidence concerning the conspiracy between appellant and Cook before they entered into *1288 the actual commission of the crime which included lying in wait. In Townsend, we held that the court may consider an element of an offense such as the possession of a deadly weapon as an aggravating factor if the court specifies why the use of the weapon or the threats with it constituted an aggravating factor.
Although advanced planning and agreement are elements of the conspiracy, the extent and vicious manner of the ambush and premeditation may be considered by the trial court as aggravating factors. See Concepcion v. State (1991), Ind., 567 N.E.2d 784, see also Bewley v. State (1991), Ind.App., 572 N.E.2d 541.
In the case at bar, the trial judge adequately set forth aggravating circumstances and considered mitigating circumstances. Although he sentenced appellant to enhanced time on both convictions, he did take mitigating factors into consideration in that he ordered the sentences to be served concurrently. We see no error in the manner in which appellant was sentenced.
Appellant also claims his sentence is manifestly unreasonable. This Court has held that a sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which the sentence was imposed. The consideration of mitigating and aggravating circumstances is discretionary with the trial court. Bish v. State (1981), Ind., 421 N.E.2d 608. The sentences imposed by the trial court are within the applicable statutes and justified by the evidence in this case as found by the trial judge when he imposed the sentences. We find no error.
Appellant contends he was denied effective assistance of counsel. Appellant cites a number of instances during the trial in which he claimed counsel fell below the required standard. First, he contends counsel failed to request that the trial court admonish the jury to disregard certain testimony elicited by the prosecutor from the victim’s wife.
In examining the victim’s wife, the prosecutor brought out that she and her husband had two children, one of whom had to have special care because of a medical accident in a dental office and that the child had been left comatose. At that point, counsel for appellant objected, which objection was sustained, and the trial court warned the prosecutor that he was getting into an area of fundamental error and he should cease this type of question. Whereupon the prosecutor withdrew the question.
Appellant’s point is that his counsel failed to ask the judge to admonish the jury to disregard the testimony up to that point. We cannot say this constituted ineffective counsel. Counsel’s objection was sustained and his decision not to belabor the point by having the court further instruct the jury on the subject does not demonstrate any unreasonableness on his part nor is there any showing that his failure to so act would have altered the outcome of the case. Thus his conduct does not fall below the standard required in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
Appellant also claims his trial counsel failed to depose any of the State’s witnesses and failed to interview the State’s key witness, Shawn Cook, prior to trial. The mere fact that trial counsel did not depose witnesses or interview Cook prior to trial does not in and of itself demonstrate ineffective counsel. Appellant has made no showing that any of the witnesses made prior statements which were inconsistent to their trial testimony. There is no showing whatever that had counsel taken depositions or interviewed Cook the outcome of the trial would have been any different. We cannot say counsel’s handling of the trial fell below the standards set forth in Strickland, supra.
Appellant contends his trial counsel failed to object when the prosecuting attorney improperly discussed his belief as to what a particular witness would have said although that witness was not called by either party. The prosecutor’s comment concerned the possibility of the testimony of Dr. Dozier, whose notes concerning the death of the victim in this case were introduced in evidence by appellant’s counsel. According to the notes, it was Dr. Dozier’s opinion that *1289 the victim had died purely of a cardiac condition rather than a neurological condition.
The State’s expert witness, Dr. Smith, said the victim had died of a cardiac condition brought on by the extensive brain damage suffered in the robbery. We cannot say that the prosecutor’s comments went beyond fair comment on the evidence presented. It is true that it is improper for counsel to comment on what a person might have testified to had they been called as a witness. Woolston v. State (1988), Ind., 453 N.E.2d 965. However, in the case at bar, the prosecutor’s comment was merely that Dr. Dozier did not testify, that it was Dr. Smith who performed the autopsy, not Dr. Dozier, and that Dr. Dozier’s report was not necessarily inconsistent with Dr. Smith’s findings. We see no error here.
Appellant also claims his counsel was ineffective because he did not object when the prosecuting attorney placed a picture of the victim on the witness stand and then proceeded to act as though he were having a conversation with the picture and proceeded to state how he had picked the jury and informed them that the victim had suffered a needless and senseless death and how he had been killed so that two men could buy crack cocaine.
This type of dramatics on the part of a prosecutor is not to be condoned and it is certainly misconduct for a prosecutor to ask a jury to convict a defendant for any reason other than his guilt. Maldonado v. State (1976), 265 Ind. 492, 355 N.E.2d 843. In Maldonado, the prosecutor had commented that the jury should convict the defendant because his conviction would be a community service. However, this Court found that such conduct did not place Maldonado in grave peril and we refused to reverse his conviction on that issue.
In the case at bar, the prosecutor’s comment is less objectionable than that made in Maldonado. To say that trial counsel should have objected to the prosecutor’s conduct is second-guessing trial counsel. Quite often a good trial lawyer will not object merely because an objection is indicated. When opposing counsel go into theatrics which have little to do with the case but may make him look foolish in the eyes of the jury, it is not improper conduct on the part of counsel to permit him to proceed. We will not second-guess counsel in his conduct in this regard.
The trial court is affirmed.
SHEPARD, C.J. and DICKSON, J., concur.
SULLIVAN, J., concurs and dissents with separate opinion in which DeBRULER, J., concurs.