ATTORNEY FOR APPELLANT
Kenneth R. Martin
Goshen, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 20S04-0511-CR-611

JOSEPH KINCAID,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Elkhart Superior Court, No. 20D03-0212-FB-224,
The Honorable George W. Biddlecome, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 20A04-0410-CR-560

**November 29, 2005**

**Sullivan, Justice.**

Joseph Kincaid was convicted of two counts of battery, both Class B felonies, for fracturing the skull of and causing other serious injuries to his infant son. He was sentenced to 20 years in prison, the maximum sentence.[1] Kincaid v. State, No. 20A04-0410-

---

[1] The trial court's sentencing order imposed concurrent sentences of 20 years on each count and "order[ed] that the convictions . . . merge." Appellant's App. at 411. We infer that the trial court

CR-560, slip op. at 6 (Ind. Ct. App. June 21, 2005). His appeal raised multiple issues, including a claim that his sentence violated Blakely v. Washington, 542 U.S. 296 (2004), a case decided by the Supreme Court two weeks before Kincaid's sentencing hearing. Kincaid, slip op. at 19-21.[2] The Court of Appeals held Kincaid's Blakely claim forfeited on appeal because Kincaid did not raise a Blakely objection at the sentencing hearing and thus did not preserve the issue for appeal. Id. at 21.

While it is, of course, true that a claim is not normally available for review on appeal unless first made at trial, this Court and the Court of Appeals reviews many claims of sentencing error (improper consideration of an aggravating circumstance, failure to consider a proper mitigating circumstance, inaccurate weighing of aggravating and mitigating circumstances, etc.) without insisting that the claim first be presented to the trial judge. On the other hand, an appellant in a criminal case must raise a particular sentencing claim in his or her initial brief on direct appeal in order to receive review on the merits.

Kincaid raised a Blakely claim in his initial appellate brief and so met this requirement.

Although not directly applicable to this case, we observe that, for Blakely claims, we have relaxed the rule that a particular sentencing claim must be raised in an appellant's initial brief on direct appeal in order to receive review on the merits. Smylie v. State, 823 N.E.2d 679, 689-90 (Ind. 2005). For cases in which the appellant's initial brief on direct appeal was filed prior to the date of the Smylie decision (March 9, 2005), an

_____

meant by this to enter judgment of conviction on both counts and sentence Kincaid to 20 years on each count, the two sentences to be served concurrently.

[2] The Court of Appeals rejected Kincaid's contentions that there had been insufficient evidence presented at trial to sustain his convictions and that the trial court had been wrong to refuse him permission to demonstrate how the child's injuries occurred. We summarily affirm the Court of Appeals as to these issues. Ind. Appellate Rule 58(A). Kincaid also contended that the trial court considered improper or gave improper weight to aggravating circumstances, that the trial court failed to give proper weight to a mitigating circumstance, and that the sentence imposed was inappropriate in light of the nature of the offense and the character of the offender. We direct the Court of Appeals to reconsider these issues on remand in connection with the Blakely claim.

appellant who had contested his or her sentence in some respect in the appellant's initial brief on direct appeal is entitled to review on the merits of a subsequently-raised <u>Blakely</u> claim. (The keys here are that (1) some sentencing claim must have been raised in the appellant's initial brief on direct appeal[3] and (2) the appellant must have added a <u>Blakely</u> claim by amendment, on petition for rehearing, or on petition to transfer.) For cases in which the appellant's initial brief was filed after the date of the <u>Smylie</u> decision, a specific <u>Blakely</u> claim must be made in the appellant's initial brief on direct appeal for it to be reviewed on the merits.

As already noted, Kincaid's initial brief was filed after the date of the <u>Blakely</u> decision and, as required for it to be reviewed on the merits, a specific <u>Blakely</u> claim was made in his initial brief on direct appeal. We grant transfer, summarily affirm the decision of the Court of Appeals as to the issues discussed in Footnote 2, and remand this case to the Court of Appeals for consideration of and ruling on Kincaid's sentencing claims. <u>See</u> Footnote 2.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

---

[3] <u>See</u> <u>Aguilar v. State</u>, 827 N.E.2d 31 (Ind. 2005) (stating that the <u>Blakely</u> claim was not available because appellant failed to make any challenge to the sentence until after the Court of Appeals had issued a ruling on the merits); <u>Nesbitt v. State</u>, 827 N.E.2d 33 (Ind. 2005) (stating that the <u>Blakely</u> claim was not available because appellant failed to make any challenge to the sentence whatsoever).