ATTORNEY FOR APPELLANT
Eugene C. Hollander
Special Assistant to the Office
of the State Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

In the

# Indiana Supreme Court

No. 03S04-0512-CR-681

UNDRAY L. KNIGHTEN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Bartholomew Superior Court, No. 03D01-0402-FB-281
The Honorable Chris D. Monroe, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 03A04-0407-CR-410

**December 22, 2005**

**Sullivan, Justice.**

While serving time as an inmate in the Bartholomew County Jail, Undray L. Knighten attacked an officer, causing injury to the officer's ankle such that he had to use crutches for several weeks. A jury convicted Knighten of aggravated battery, a Class B felony, and resisting law enforcement, a Class D felony, and found him guilty of being a habitual offender. He was sentenced to 50 years in prison. Knighten appealed.

On appeal, Knighten argued that the evidence supporting his convictions was insufficient, that his conviction for resisting law enforcement constituted double jeopardy, that the evidence did not support the habitual offender enhancement, and that his sentence was manifestly unreasonable. In his appellate brief, filed on December 27, 2004, Knighten challenged his sentence on the specific ground that the trial court relied upon improper factors in enhancing his sentence. Br. of Appellant at 28. Although he did not explicitly argue that his sentence violated the United States Supreme Court decision in Blakely v. Washington, 542 U.S. 296 (2004), he cited Blakely in his brief. Id. at 29. The Court of Appeals rejected Knighten's insufficient evidence and habitual offender claims, but remanded with instructions to vacate the resisting law enforcement conviction. Knighten v. State, No. 03A04-0407-CR-410 (Ind. Ct. App. June 8, 2005) (mem.). The Court of Appeals, however, found that Knighten had waived his sentencing argument because his "many citations [were] unpersuasive in the absence of cogent reasoning." Id., slip op. at 11.

Knighten petitioned for rehearing, arguing, among other things, that he did not intentionally waive his sentencing argument and that in light of our decision in Smylie v. State, 823 N.E.2d 679, 689 (Ind. 2005), he had preserved his Blakely claim by contesting his sentence on appeal. The Court of Appeals granted rehearing for the limited purpose of clarifying a sufficiency of the evidence issue and affirmed its original opinion.

In Kincaid v. State, No. 20S04-0511-CR-611, 2005 Ind. LEXIS 1080 (Ind. Nov. 29, 2005), we explained that although a claim is not normally available for review on appeal unless first made at trial, an appellate court may review claims of sentencing error without insisting that the claim first be presented at trial. Id. at *3. We held that when the appellant's initial brief on direct appeal was filed prior to March 9, 2005, the date on which we decided Smylie, "an appellant who had contested his or her sentence in some respect in the appellant's initial brief on direct appeal is entitled to review on the merits of a subsequently-raised Blakely claim." Id. at *3-4.

As mentioned above, Knighten filed his initial appellate brief challenging his sentence prior to the date on which we decided Smylie. He subsequently raised a specific Blakely claim

in his petition for rehearing, filed on July 8, 2005.  Pet. for Reh'g at 9.  Therefore, Knighten is entitled to review on the merits of his <u>Blakely</u> claim.

We grant transfer, summarily affirm the decision of the Court of Appeals as to all issues except sentencing, and remand this case to the Court of Appeals for consideration of and ruling on Knighten's <u>Blakely</u> claim.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.