**Thomas TRACY, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 15A04–0409–CR–498.**

Court of Appeals of Indiana.

Jan. 10, 2006.

---

Leanna Weissman, Lawrenceburg, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION ON REHEARING

VAIDIK, Judge.

We grant rehearing in this case for the limited purpose of clarifying our original opinion in light of the Indiana Supreme Court's recent opinion in *Kincaid v. State,*

837 N.E.2d 1008 (Ind.2005). In all other respects, we affirm our original opinion.

On November 16, 2005, we issued our opinion in this case in which we held that Tracy forfeited his claim that his sentence violated *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *reh'g denied,* because although Tracy's sentencing hearing was held almost two months after *Blakely* had been decided, he failed to object to his sentence in the trial court. In reaching this conclusion, we relied on several Indiana Court of Appeals opinions.

On November 29, 2004, our Supreme Court issued *Kincaid v. State,* 837 N.E.2d 1008 (Ind.2005), in which it held the following:

> While it is, of course, true that a claim is not normally available for review on appeal unless first made at trial, this Court and the Court of Appeals reviews many claims of sentencing error (improper consideration of an aggravating circumstance, failure to consider a proper mitigating circumstance, inaccurate weighing of aggravating and mitigating circumstances, etc.) without insisting that the claim first be presented to the trial judge. On the other hand, an appellant in a criminal case must raise a particular sentencing claim in his or her initial brief on direct appeal in order to receive review on the merits.

*Id.* Based on this language, the fact that Tracy did not object to his sentence in the trial court does not mean that he forfeited his *Blakely* claim for appellate review. Rather, the court advised that "[f]or cases in which the appellant's initial brief was filed after the date of the *Smylie[v. State,* 823 N.E.2d 679 (Ind.2005)] decision [ (March 9, 2005) ], a specific *Blakely* claim must be made in the appellant's initial brief on direct appeal for it to be reviewed on the merits." *Id.*

Tracy filed his initial brief on May 23, 2005. And in his brief, Tracy made a specific *Blakely* claim. *See* Appellant's Br. p. 8–12. Pursuant to *Kincaid*, Tracy did not forfeit his *Blakely* claim and is entitled to have it reviewed on the merits. Although we held in our original opinion that Tracy forfeited his *Blakely* claim, we went on to address the merits and concluded that the trial court did not err in enhancing his sentences based on his prior felony convictions. Subject to the clarification that Tracy did not forfeit his *Blakely* claim, we affirm our original opinion in all other respects.

SULLIVAN, J., and FRIEDLANDER, J., concur.