ATTORNEY FOR APPELLANT
Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 49S05-0603-CR-105

LARRY D. MITCHELL,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

_____

Appeal from the Marion Superior Court, No. 49G01-0110-CF-198307
The Honorable Tanya Walton-Pratt, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-0312-CR-00625

_____

**March 23, 2006**

**Shepard, Chief Justice.**

Larry Mitchell challenges his sentence for the robbery and felony murder of three people. Mitchell argues that the aggravators used to enhance his sentence were not properly found under the standards set forth in Blakely v. Washington, 542 U.S. 296 (2004). Mitchell did not need to make a specific Blakely challenge at trial to preserve the issue, and he is entitled to review of that question. We conclude the trial court's sentence should be affirmed.

1

## Facts and Procedural History

On October 5, 2001, Larry Mitchell, Brian K. Baxter, and Terrance L. Thomas broke into the residence of Latanya Ashmore in order to rob Edward Green. During the course of the robbery, Latanya's brother Anthony Ashmore saw three men in the apartment. During the robbery, Anthony Ashmore heard Green say: "You've already shot me," and "I already gave you everything," and then saw Green struggle with Thomas before Thomas fatally shot him in the head. (Tr. 149, 152-54.) Ashmore then saw Thomas shoot and kill Edward Gilbert, Green's cousin. Thomas then began shooting at Ashmore and Antonio McGregor. McGregor was killed, and Ashmore suffered wounds to his face and shoulder. Although Ashmore never identified Mitchell, he did identify Baxter and Thomas.

Early the next morning police apprehended Baxter and Thomas after pursuing them for an unrelated vehicle theft. Police found in their possession a white bag containing what later turned out to be the handguns used in the robbery. During questioning, both Thomas and Baxter identified Mitchell as the third participant in the robbery and indicated that he too had shot Green, although not fatally. On October 10, 2001, the State charged Baxter, Thomas, and Mitchell for their involvement in the robbery and murders. The information specified nine counts against Mitchell, including both murder and felony murder counts for the killing of Green, Gilbert, and McGregor; the attempted murder of Ashmore; conspiracy to commit robbery; robbery; possession of a handgun as a serious violent felon; and carrying a handgun without a license. The State later sought enhancement of the carrying without a license charge, based on a prior felony, and asked that Mitchell be sentenced as a habitual offender.

Following a trial in October 2003, a jury found Mitchell guilty on three counts of felony murder, the count of attempted murder, the count of robbery, and the count of carrying a handgun without a license. It acquitted him on conspiracy to commit robbery. Mitchell stipulated to the enhancement on the charge for carrying the handgun without a license, and the State dismissed the charge for the possession of a handgun as a serious violent felon and the habitual offender enhancement.

In imposing sentence, the trial judge found no mitigating circumstances.  The court found the existence of three aggravators: 1) Mitchell's criminal history; 2) that he was on probation at the time of the offense; and 3) the nature and circumstances of the crime.  (Tr. at 462-63.)  It sentenced Mitchell to sixty-five years on each of the three felony murder counts, fifty years on the attempted murder, twenty years on the robbery, and eight years on the carrying a handgun without a license.  The court ordered consecutive sentences for one of the murders, the robbery, and the handgun charge, for a total executed sentence of ninety-three years.  The other sentences were concurrent.

On appeal, Mitchell challenged both his conviction and his sentence.  He claimed error on certain instructions, on admission of certain testimony, and on sufficiency grounds.  He challenged his sentence by arguing that the aggravating circumstances used to enhance his sentence were neither admitted to nor found by a jury as required by Blakely v. Washington.[1]  The Court of Appeals rejected each of these arguments, holding among other things that Mitchell's Blakely claim was forfeited because he had not raised an objection to the sentencing at the time of trial.  Mitchell v. State, 821 N.E.2d 390, 398-99 (Ind. Ct. App. 2004) vacated.

We hold that Mitchell is entitled to raise the Blakely claim despite not having raised an objection at trial, and review its merits.[2]

**Mitchell Can Raise Blakely Claim**

We recently noted that both this "Court and the Court of Appeals [review] many claims of sentencing error . . . without insisting that the claim first be presented to the trial judge." Kincaid v. State, 827 N.E.2d 1008, 1010 (Ind. 2005).  In that case, we addressed whether an appellant could challenge his sentence on Blakely grounds without having first raised a specific Sixth Amendment objection at the sentencing hearing.  In holding that he could, we stated that

---

[1] 542 U.S. 296 (2004).
[2] We otherwise affirm the decision of the Court of Appeals.  Ind. Appellate Rule 58(A).

the defendant need only "raise a particular sentencing claim in his or her initial brief on direct appeal in order to receive review on the merits."[3] Id. Because Kincaid had challenged his sentence on <u>Blakely</u> grounds in his initial appellant brief, we determined that he had adequately preserved the issue for review. Id.

Like Kincaid, Mitchell challenged his sentence on <u>Blakely</u> grounds in the initial brief on direct appeal and thus, adequately preserved this issue for appellate review.[4] (Br. of Appellant at 26-32.)

## Sentence Properly Enhanced

Mitchell argues that his sentence was improperly enhanced because the aggravating factors used by the trial court to impose terms above the presumptive sentences were neither found by a jury, nor admitted by the defendant. In support of its decision to impose an enhanced sentence, the trial court used three aggravators: 1) Mitchell's criminal history; 2) that he was on probation at the time of the offense; and 3) the nature and circumstances of the crime. (Tr. at 462-63.)

Starting with the third of these, we recently held that except when they are supported by facts otherwise properly found, and meant as concise descriptions of the moral or penal weight of those facts in assessing criminal culpability, aggravators such as "the nature and circumstances of the crime" run afoul of the Sixth Amendment. <u>Morgan v. State</u>, 829 N.E.2d 12, 17-18 (Ind. 2005); <u>Trusley v. State</u>, 829 N.E.2d 923, 926-27 (Ind. 2005). The trial court's description of this aggravator focused on Mitchell's role as "a major participant" in the crime, observing that without his participation "none of this would have happened," and, most notably, that he and the others had "planned and conspired to commit a robbery." (Tr. at 462-63.) These could well

---

[3] We also noted that when addressing <u>Blakely</u> issues, this Court has relaxed the ordinary rules of preservation. Specifically, we noted that our holding in <u>Smylie v. State</u> permits the review of <u>Blakely</u> claims for appeals filed prior to our decision in that case provided that some sentencing issue was raised in the initial brief, and that a specific <u>Blakely</u> claim was added later. <u>Kincaid</u>, 837 N.E.2d at 1010. We also noted that for appeals filed after <u>Smylie</u>, a defendant must make a specific <u>Blakely</u> claim in their initial appeal or that issue cannot be reviewed. Id.
[4] We commend Mitchell's appellate counsel for addressing this issue in a coherent, thorough, and thoughtful manner.

4

serves as aggravators had they been admitted by the defendant, or found by a jury, but they were not. In fact, the conspiracy charge was specifically not found. The nature and circumstances aggravator is impermissible.

The remaining aggravators are permissible. A defendant's criminal history, or "fact of prior convictions," was specifically exempted from the Sixth Amendment jury trial requirement by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). That exemption was reaffirmed in Blakely. 542 U.S. at 301. The only question regarding the permissibility of this aggravator here is whether the trial court properly considered Mitchell's juvenile record in finding this aggravator.

We recently addressed this issue in Ryle v. State, 842 N.E.2d 320 (Ind. 2005). In that case, we held that because juvenile adjudications afford individuals sufficient procedural safeguards, they may be considered as a "prior conviction" for the purposes of sentencing under Blakely. Id. at 322-23. Consequently, the trial court properly considered Mitchell's juvenile record as part of his criminal history.

In Ryle we also addressed whether the fact that a defendant was on probation at the time of the offense needed to be proven before a jury before it could be considered in aggravation. Id. at 323-24. We held that because the "requirements governing probation officers and their presentation of information to the sentencing court ensure their work product's reliability," and because the documents they rely on in creating pre-sentencing reports are "judicial records" sufficient to pass constitutional muster, the fact that a defendant is on probation at the time of the offense is so closely related to the fact of prior conviction that it need not be submitted to a jury. Id. at 324. The pre-sentence investigation report clearly indicates that Mitchell was on probation at the time of the offense, so the trial court could properly consider this aggravator.

The only question that remains is whether the permissible aggravators are sufficient to justify the imposition of the enhanced sentences. Mitchell's criminal history, as his attorney at sentencing accurately noted, is "bad." (Tr. at 461.) He has true findings in juvenile proceedings for resisting law enforcement, criminal trespass, theft, and three counts of robbery arising out of

a single incident.  (Appellant's App. at 222-23.)  His adult record is hardly less extensive.  He has been found guilty of criminal trespass, two counts of auto theft, and carjacking.  (<u>Id.</u> at 223-24.)  This history, particularly his repeated resort to violence, when combined with his violation of probation, is sufficient to warrant the enhanced sentences.

### Conclusion

Mitchell's sentence is appropriate.  We affirm the trial court.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.