## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 29 2015, 8:20 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Jeremy Tidmore<br>Pendleton, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Tyler G. Banks<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy Tidmore,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | October 29, 2015<br><br>Court of Appeals Case No.<br>27A02-1502-CR-77<br><br>Appeal from the Grant Circuit Court<br><br>The Honorable Mark E. Spitzer, Judge<br><br>Trial Court Cause No.<br>27C01-0411-FC-155 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Jeremy Tidmore began serving a sixty-year sentence for felony murder and conspiracy to commit robbery with a deadly weapon causing serious bodily injury in 1992. In 2014, he filed a sentence-modification petition under an amendment to Indiana Code section 35-38-1-17 that allowed courts to consider petitions for sentence modifications without the previous requirement of prosecutorial approval. The trial court dismissed Tidmore's petition, relying on prior decisions from this Court indicating that the 2014 amendment to the statute did not apply retroactively to crimes occurring before the amendment in 2014. In 2015, while this appeal was pending, the Indiana Legislature again amended Section 35-38-1-17, making the 2015 amendments retroactive, allowing non-violent criminals to petition for sentence modification without prosecutorial approval, but requiring violent criminals to obtain prosecutorial approval for sentence-modification petitions.

[2] Tidmore argues that the 2014 amendment should apply to him or, in the alternative, that the 2015 amendments addressing petitions by violent criminals violate the Equal Protection Clause of the Fourteenth Amendment and the Equal Privileges and Immunities Clause of the Indiana Constitution because of its disparate treatment of violent offenders. Finally, Tidmore argues that inclusion of felony murder on the list of violent crimes in the 2015 amendment constitutes an ex post facto law. We find no error by the trial court and no constitutional violations, and we affirm the trial court's decision.

# Facts and Procedural History

[3] In 1992, Tidmore was convicted of felony murder and Class A felony conspiracy to commit robbery with a deadly weapon causing serious bodily injury. The trial court sentenced Tidmore to sixty years in the Indiana Department of Correction for felony murder, and fifty years for conspiracy, both sentences to be served concurrently. His conviction and sentence were affirmed on direct appeal. *Tidmore v. State*, 637 N.E.2d 1290 (Ind. 1994), *reh'g denied*. Tidmore sought post-conviction relief in 2004, and the trial court granted partial relief by reducing the conspiracy charge to a Class C felony and revising his sentence from fifty years to eight years. This Court affirmed that decision. *Tidmore v. State*, 870 N.E.2d 32 (Ind. Ct. App. 2007), *trans. denied*.

[4] Tidmore filed a petition to modify his sentence in October 2014. The trial court denied his petition in December 2014, and denied his motion to correct errors in January 2015. Tidmore, proceeding pro se, now appeals.

# Discussion and Decision

# I. Indiana Code Section 35-38-1-17

[5] Tidmore argues first that the trial court erred by denying his petition for sentence modification. We review a trial court's decision to modify a sentence only for abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010).

[6] Tidmore contends that the trial court did have the authority to hear his petition, without prosecutorial consent, under the 2014 version of Indiana Code section 35-38-1-17(c) that provides:

> "If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record."

Ind. Code § 35-38-1-17(c) (West Supp. 2014).

[7] Tidmore correctly notes that the 2014 version of the statute does not require prosecutorial approval for a sentence modification petition to proceed. This Court has previously held that the 2014 version of Indiana Code section 35-38-1-17 does not apply retroactively because of the savings clause, which also became effective July 1, 2014.[1] *See, e.g.*, *Carr v. State*, 33 N.E.3d 358, 359 (Ind. Ct. App. 2015), *trans. denied*; *Swallows v. State*, 31 N.E.3d 544, 547 (Ind. Ct. App. 2015), *trans. denied*; *Hobbs v. State*, 26 N.E.3d 983, 985-86 (Ind. Ct. App.

---

[1] (a) A SECTION of P.L.158-2013 or P.L.168-2014 does not affect:

(1) penalties incurred;

(2) crimes committed; or

(3) proceedings begun;

before the effective date of that SECTION of P.L.158-2013 or P.L.168-2014. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if that SECTION of P.L.158-2013 or P.L.168-2014 had not been enacted.

(b) The general assembly does not intend the doctrine of amelioration *(see Vicory v. State*, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L.158-2013 or P.L.168-2014.

Ind. Code § 1-1-5.5-21.

2015).  *But see Moore v. State*, 30 N.E.3d 1241, 1250 (Ind. Ct. App. 2015).[2]

Tidmore contends that the savings clause does not apply to Section 35-38-1-17 because the amended statute is a procedural remedy, and not a substantive remedy.  We disagree.  The 2014 version of Section 35-38-1-17 gave trial courts the ability to modify a sentence without prosecutorial approval—an authority the courts did not have prior to the amendment.  The grant of new powers to a court constitutes a substantive change, not a mere procedural change.  *See Morris v. State*, 936 N.E.2d 354, 357-58 (Ind. Ct. App. 2010), *trans. denied*.  Therefore, the savings clause did apply to the 2014 amendment to Section 35-38-1-17.

[8]     However, the legislature subsequently amended the statute, while Tidmore's appeal was pending, to allow for retroactive application, subject to certain conditions.[3]  *Vasquez v. State*, 37 N.E.3d 962, 964 (Ind. Ct. App. 2015).  But Tidmore is not entitled to relief under the 2015 amendment either, because, "except as provided in subsections (k) and (m), this section does not apply to a violent criminal."  Ind. Code § 35-38-1-17(c).  According to Subsection (d) of the statute, a person convicted of murder, which includes felony murder, is a

---

[2] The Indiana Supreme Court has also granted an oral argument in *Johnson v. State*, 36 N.E.3d 1130 (Ind. Ct. App. 2015) (holding that 25-28-1-17 does not apply retroactively).

[3] Tidmore argues that we should apply the text of the bill as it passed out of the Senate Committee, rather than the law as enacted.  A bill does not become a law until it is either signed by the Governor, more than seven days have passed since presentment to the Governor and the Governor has neither signed nor vetoed it, or the legislature over-rides a veto.  Ind. Const. art. 5, § 14.  In no case does a bill become a law by passage from a committee.

"violent criminal." Therefore, under the 2015 amendment, which provides for retroactivity in certain circumstances, Tidmore's sentence may only be modified with the consent of the prosecuting attorney. Ind. Code § 35-38-1-17(k). In this case, the prosecutor filed an objection to Tidmore's petition for sentence modification, and the trial court correctly dismissed it.

# II. Equal Protection

Next, Tidmore argues that requiring violent criminals to obtain prosecutorial consent prior to filing a petition for sentence modification, while permitting all other criminals to proceed without consent, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the Equal Privileges and Immunities Clause of the Indiana Constitution. "[T]he analysis under the Equal Privileges Clause in the Indiana Constitution is independent from the analysis under the Fourteenth Amendment's Equal Protection Clause in the United States Constitution," therefore, we will treat each one separately. *Budd v. State*, 935 N.E.2d 746, 753 (Ind. Ct. App. 2010).

# A. Federal Constitution

The Equal Protection Clause of the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal protection analysis begins with the applicable level of scrutiny. *Bennett v. State*, 801 N.E.2d 170, 175 (Ind. Ct. App.

2003). Absent a burden upon the exercise of a fundamental right, or the creation of a suspect class, laws are subject to rational basis review. *See id.*

[11] Tidmore does not allege creation of a suspect class, and a prisoner has no constitutional right to sentence modification. Therefore, the rational basis standard of review applies. *See Cottingham v. State*, 424 N.E.2d 105 (Ind. 1981). We "inquire only whether the challenged distinction rationally furthers some legitimate, articulated state purpose." *McGinnis v. Royster*, 410 U.S. 263, 270 (1973). A statute "will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. State of Md.*, 366 U.S. 420, 426 (1961).

[12] The burden of proof is on Tidmore to show that no set of facts could justify distinguishing violent criminals from others for the purposes of sentence modification. *See United States v. Jester*, 139 F.3d 1168, 1171 (7th Cir. 1998). He has made no such showing. Moreover, the State did articulate reasons for not permitting sentence modification petitions for violent criminals without prosecutorial approval, including the nature of violent crimes and severity of harm to the victims. Appellee's Br. p. 10. Accordingly, Tidmore has not carried his heavy burden to establish that the statute violates the Equal Protection Clause.

# B. Indiana Constitution

[13] Tidmore also argues that Indiana Code section 35-38-1-17 violates Article 1, section 23 of the Indiana Constitution which provides that "[t]he General

Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." Section 23 imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons: first, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes; and second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. *Collins v. Day*, 644 N.E.2d 72, 80 (Ind. 1994). "Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion." *Id.*

[14] Beginning with the separate classification of violent criminals, for a legislative classification to become a judicial question, the lines drawn must "appear arbitrary or manifestly unreasonable." *Chaffin v. Nicosia*, 310 N.E.2d 867, 869 (Ind. 1974). "So long as the classification is based upon substantial distinctions with reference to the subject matter, we will not substitute our judgment for that of the legislature; nor will we inquire into the legislative motives prompting such classification[.]" *Id.* In this case, the legislature made a distinction between violent criminals and all other criminals in the context of deciding who may petition for sentence modification without prosecutorial consent. This does not "appear arbitrary or manifestly unreasonable."

[15] Tidmore does not suggest that some violent criminals as defined by the statute—those similarly situated to him—are treated differently. Therefore, we

do not need to address the second prong of the analysis. He has failed to establish a violation of the Equal Privileges and Immunities Clause.

# III. Ex Post Facto Law

[16] Finally, in his reply brief, Tidmore argues that classifying felony murder as a violent crime violates the ex post facto prohibitions of both the Indiana and federal Constitutions because the list of violent crimes in Indiana Code section 35-38-1-17 did not exist when he was tried and convicted. Moreover, he points to other sections of the Code which also did not list violent crimes in 1992, and, consequently, did not list felony murder as a violent crime.

[17] An ex post facto law applies retroactively to disadvantage an offender's substantive rights. *Weaver v. Graham*, 450 U.S. 24, 29 (1981); *Collins v. State*, 911 N.E.2d 700, 712 (Ind. Ct. App. 2009), *trans. denied*. To determine whether a particular statute is an ex post facto law, we examine whether the change increases the penalty by which a crime is punishable or alters the definition of criminal conduct. *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 506 n.3, (1995); *Collins*, 911 N.E.2d at 712.

[18] In this case, the effect of the 2015 amendment to section 35-38-1-17 is to leave Tidmore in the same position he was in when he was sentenced in 1992. The pertinent portion of the statute in effect at the time of the commission of Tidmore's crime read as follows:

If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. . . .

Ind. Code § 35-38-1-17(b) (West Supp. 1992).

[19] The 2015 amendment to Section 35-38-1-17 does not increase the punishment for, or change the elements of, any crime or deprive anyone of a defense or lesser punishment. The change in the statute merely permits non-violent criminals to petition for sentence modification without prosecutorial approval. As such, we conclude that it does not violate constitutional prohibitions against ex post facto laws. *See Collins v. State*, 911 N.E.2d 700, 712 (Ind. Ct. App. 2009).

[20] Finding that the trial court correctly applied Indiana Code section 35-38-1-17, and that the law does not violate Tidmore's constitutional rights, we affirm.

[21] Affirmed.

Robb, J., and Pyle, J., concur.