Eric DANNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 71A04–0806–CR–382.

Court of Appeals of Indiana.

Dec. 5, 2008.

Publication Ordered Jan. 15, 2009.

Neil L. Weisman, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Eric Danner appeals his conviction and sentence for class A felony possession of cocaine.[1]

We affirm.

### ISSUES

1. Whether the trial court abused its discretion in refusing Danner's tendered jury instruction on class C felony possession of cocaine as a lesser included offense.

2. Whether Danner's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

### FACTS

At approximately 1:00 p.m. on August 15, 2006, South Bend Police Officer Greg Early was patrolling in a marked squad vehicle with his canine, Tina, when he observed a tan Chevy Impala with a temporary paper plate. Officer Early knew that a 2005 tan Chevy Impala was on a list of recently stolen vehicles. He, however, could not run the temporary plate on the Impala because temporary paper plates are "not specific to a car." (Tr. 132). He began following the Impala, clocking its speed at forty-two miles per hour in a thirty-mile-per-hour zone. He then initiated a traffic stop. The driver of the Impala stopped the vehicle in an alley located within approximately twenty to fifty feet of Kids' Kompany [sic] Day Care Center ("Kids' Kompany").

As Officer Early approached the Impala, he observed four people inside and saw "the back seat passenger [on the passenger's side] pull his hands real quick away from the back of the front seat," as if he were "getting rid of something or doing something with his hands." (Tr. 135, 136). Officer Early ordered all four to show their hands before he continued to the driver's door. As he got closer to the Impala, he "immediately could smell a strong odor of marijuana." (Tr. 136). When asked for his driver's license, Danner, who had been driving the Impala, admitted that it was suspended.

Officer Early asked Danner to step out of the vehicle and then "conducted a pat down for weapons." (Tr. 140). As he "patted [Danner] right by his rear end," he "felt a large hard lump," which he recognized as drugs. (Tr. 141). Officer Early handcuffed Danner and had the vehicle's remaining occupants step out. He then retrieved Tina "to have her search inside of the vehicle for anymore illegal drugs." (Tr. 142–43). Tina alerted to the presence of drugs in the Impala's "center console between the driver's front seat and the passenger front seat." (Tr. 143). Officer Early discovered "a clear plastic bag containing marijuana" in the console. (Tr. 144). After an additional search, he discovered more marijuana in the pocket behind the front passenger seat.

After searching the Impala, Officer Early "jiggled the back of [Danner's] pants" until a plastic bag, containing several other small plastic bags, fell onto the ground. (Tr. 148). The smaller plastic bags contained a "white rock-like substance[.]" (Tr. 149). A subsequent test determined the substance to be cocaine with a total weight of 24.88 grams.

On August 17, 2006, the State charged Danner with Count I, possession of cocaine as a class A felony for possessing more than three grams of cocaine within 1,000 feet of school property; Count II, possession of marijuana as a class A misdemean-

---

1. Ind.Code § 35–48–4–6.

or; and Count III, driving with a suspended license, a class A misdemeanor. The trial court commenced a jury trial on January 14, 2008.

The jury found Danner guilty as charged. The trial court ordered a pre-sentence investigation report ("PSI") and held a sentencing hearing on February 15, 2008.

According to the PSI, Danner had numerous adjudications as a juvenile. He also had a conviction in 1989 for class B felony dealing in cocaine, for which he received a suspended sentence of ten years and three years probation. His probation was revoked in 1990. In 1993, Danner was convicted of driving without a license. Also in 1993, he was convicted of two counts of class B felony robbery under separate cause numbers. Additionally, he was convicted of resisting law enforcement in 1998; class D felony possession of cocaine in 1999; criminal mischief in 2004; driving without a license in 2006; and driving while suspended in 2007. Furthermore, in 2005, the State charged Danner with class A felony dealing in cocaine; class A misdemeanor possession of marijuana; class A misdemeanor taking a minor to a common nuisance; and class D felony maintaining a common nuisance. Just prior to the sentencing hearing, Danner pleaded guilty to the 2005 class A felony dealing in cocaine charge.[2]

Following the sentencing hearing, the trial court sentenced Danner to fifty years on Count I and concurrent sentences of one year each on Counts II and III, for a total executed sentence of fifty years. Additional facts will be provided as necessary.

### DECISION

1. *Jury Instruction*

■ Danner asserts that the trial court abused its discretion in failing to give the lesser included instruction of class C felony possession of cocaine. Whether to give or deny a tendered jury instruction is within the trial court's discretion and is reviewed only for an abuse of that discretion. *Wright v. State*, 766 N.E.2d 1223, 1234 (Ind.Ct.App.2002). "An instruction given to the jury must be a correct statement of the law, be applicable to the evidence adduced at trial, and be relevant to the issues the jury must decide in reaching its verdict." *Id.*

In *Wright v. State*, 658 N.E.2d 563 (Ind.1995), the Indiana Supreme Court developed a three-part test that trial courts should perform when called upon by a party to instruct a jury on a lesser-included offense of the crime charged. First, the trial court must compare the statute defining the crime charged with the statute defining the alleged lesser-included offense to determine whether the alleged lesser-included offense is inherently included in the crime charged. Second, if the trial court determines that an alleged lesser-included offense is not inherently included in the crime charged under step one, then the court must determine whether the alleged lesser-included offense is factually included in the crime charged. If the alleged lesser-included offense is neither inherently nor factually included in the crime charged, then the trial court should not give an instruction on the alleged lesser-included offense. Third, if the trial court determines that an alleged lesser-included offense is either inherently or factually included in the crime charged, then the court must look at the evidence presented in the case by both parties to determine whether there is a serious evidentiary dispute about the element or

---

**2.** It is not clear whether Danner pleaded guilty to the other charges.

elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater. It is reversible error for a trial court not to give an instruction, when requested, on an inherently or factually included offense if there is such an evidentiary dispute.

*Tracy v. State*, 837 N.E.2d 524, 528 (Ind. Ct.App.2005) (citations omitted), *clarified on reh'g*, 840 N.E.2d 360 (Ind.Ct.App. 2006), *trans. denied.*

The parties agree that possession of cocaine is a lesser-included offense of possession of cocaine within 1,000 feet of school property.[3] Danner, however, contends that a serious evidentiary dispute exists with respect to whether he possessed the cocaine within 1,000 feet of school property. Specifically, he argues that the State "failed to introduce the license or any documentation that [Kids' Kompany] was a State of Indiana licensed daycare as required by statute...."[4] Danner's Br. At 9.

During the trial, Betty Williams, an employee of Kids' Kompany, testified that Kids' Kompany is a day care center, serving children from the ages of two through twelve years-old. She further testified that Kids' Kompany has been licensed by the State of Indiana since 2002. There was no evidence that Kids' Kompany was not a licensed day care.

Given the evidence presented, we cannot say that there was a serious evidentiary dispute regarding whether Danner possessed the cocaine within 1,000 feet of school property, as defined by Indiana Code section 35-41-1-24.3. *See French v. State*, 778 N.E.2d 816, 823 (Ind.2002) (finding sufficient evidence to support proposition that a preschool was "school property" for the purposes of enhancement under Indiana Code section 35-48-4-1 where the director of the preschool testified that it was a private school, serving children in age from twenty months to six years). Thus, we find no abuse of discretion in refusing his tendered instruction.

### 2. *Sentence*

■ Danner asserts that his sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). It is the defendant's burden to "'persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)), *clarified on reh'g*, 875 N.E.2d 218 (Ind.2007).

■ In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the Legislature has se-

---

**3.** Indiana Code section 35-48-4-6(b) provides, in relevant part, that possession of cocaine is:

(1) a Class C felony if:
(A) the amount of the drug involved (pure or adulterated) weighs three (3) grams or more;

\* \* \*

and
(3) a Class A felony if the person possesses the cocaine or narcotic drug in an amount (pure or adulterated) weighing at least three (3) grams:

(A) on a school bus; or
(B) in, on, or within one thousand (1,000) feet of:
(i) school property;
(ii) a public park;
(iii) a family housing complex; or
(iv) a youth program center.

**4.** Indiana Code section 35-41-1-24.3 provides, in relevant part, that "school property" includes "[a]n entity that is required to be licensed under IC 12-17.2 or IC 12-17.4[.]"

lected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. The advisory sentence for a class A felony is thirty years.[5] Danner received a sentence of fifty years—the maximum sentence.

Regarding the nature of Danner's offense, the record discloses that he possessed more than twenty-four grams of cocaine within twenty to fifty feet of a day care. As to his character, Danner has an extensive criminal history, including convictions for class A felony dealing in cocaine, class B felony dealing in cocaine, class D felony possession of cocaine, and two convictions for class B felony robbery. Furthermore, he has had his probation revoked in the past. Our review of the record does not convince us that Danner's sentence is inappropriate but rather indicates a complete disregard for the law. Accordingly, we find no abuse of discretion in sentencing him to the maximum sentence of fifty years.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.

### ORDER

On December 5, 2008, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Verified Motion for Publication of Memorandum Decision is GRANTED, and this Court's opinion handed down in this cause on December 5,

2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

FRIEDLANDER, DARDEN, and BARNES, J.J., concur.

---

5. Pursuant to Indiana Code section 35–50–2–4, "[a] person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years."