

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Oct 30 2013, 5:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**GREGORY L. LEWIS**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC DANNER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1304-PC-146 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R.W. Chamblee, Jr., Judge
Cause No. 71D08-0909-PC-34

October 30, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Eric Danner appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

## Issue

Danner raises one issue, which we restate as whether the post-conviction court properly found that he failed to prove his ineffective assistance of trial counsel claim.

## Facts

The facts, as discussed in Danner's direct appeal, follow:

> At approximately 1:00 p.m. on August 15, 2006, South Bend Police Officer Greg Early was patrolling in a marked squad vehicle with his canine, Tina, when he observed a tan Chevy Impala with a temporary paper plate. Officer Early knew that a 2005 tan Chevy Impala was on a list of recently stolen vehicles. He, however, could not run the temporary plate on the Impala because temporary paper plates are "not specific to a car." (Tr. 132). He began following the Impala, clocking its speed at forty-two miles per hour in a thirty-mile-per-hour zone. He then initiated a traffic stop. The driver of the Impala stopped the vehicle in an alley located within approximately twenty to fifty feet of Kids' Kompany [sic] Day Care Center ("Kids' Kompany").

> As Officer Early approached the Impala, he observed four people inside and saw "the back seat passenger [on the passenger's side] pull his hands real quick away from the back of the front seat," as if he were "getting rid of something or doing something with his hands." (Tr. 135, 136). Officer Early ordered all four to show their hands before he continued to the driver's door. As he got closer to the Impala, he "immediately could smell a strong odor of marijuana." (Tr. 136). When asked for his driver's license, Danner, who had been driving the Impala, admitted that it was suspended.

> Officer Early asked Danner to step out of the vehicle and then "conducted a pat down for weapons." (Tr. 140). As

2

he "patted [Danner] right by his rear end," he "felt a large hard lump," which he recognized as drugs. (Tr. 141). Officer Early handcuffed Danner and had the vehicle's remaining occupants step out. He then retrieved Tina "to have her search inside of the vehicle for anymore illegal drugs." (Tr. 142-43). Tina alerted to the presence of drugs in the Impala's "center console between the driver's front seat and the passenger front seat." (Tr. 143). Officer Early discovered "a clear plastic bag containing marijuana" in the console. (Tr. 144). After an additional search, he discovered more marijuana in the pocket behind the front passenger seat.

After searching the Impala, Officer Early "jiggled the back of [Danner's] pants" until a plastic bag, containing several other small plastic bags, fell onto the ground. (Tr. 148). The smaller plastic bags contained a "white rock-like substance[.]" (Tr. 149). A subsequent test determined the substance to be cocaine with a total weight of 24.88 grams.

Danner v. State, 900 N.E.2d 9, 10 (Ind. Ct. App. 2008).

On August 17, 2006, the State charged Danner in St. Joseph Superior Court No. 8 ("felony court") under Cause Number 71D08-0608-FA-39 ("FA-39") with Class A felony possession of cocaine, Class A misdemeanor possession of marijuana, and Class A misdemeanor driving while suspended. Based on the same incident, the State also charged Danner in St. Joseph Superior Court No. 1 ("traffic/misdemeanor court") under Cause Number 71D01-0608-CM-6318 ("CM-6318") with Class A misdemeanor driving while suspended and Class C infraction speeding. On April 30, 2007, in CM-6318, Danner was convicted of Class A misdemeanor driving while suspended, and the speeding infraction was dismissed.

In FA-39, Danner had a jury trial in January 2008, and he was found guilty of Class A felony possession of cocaine, Class A misdemeanor possession of marijuana, and

3

Class A misdemeanor driving while suspended. Danner's attorney in FA-39 did not represent him in CM-6318. He received a fifty-year sentence, and we affirmed his conviction and sentence on direct appeal. See id. at 13.

Danner filed a petition for post-conviction relief, which was later amended, and alleged that his trial counsel in FA-39 was ineffective for failing to file a motion to dismiss all of the charges in that case based on the successive prosecution statute. Danner filed a motion for judgment on the pleadings, but the post-conviction court denied the motion and set the matter for an evidentiary hearing. After the hearing, the post-conviction court found that Danner was prejudiced and, "[b]ut for counsel's failure to seek dismissal of the felony case giving rise to this action, [Danner] could not have been prosecuted to conviction, nor be sentenced as he was." Appellant's App. p. 134. However, the post-conviction court found that trial counsel's performance was not deficient:

> The evidence presented at the hearing provided no basis for determining what the prevailing professional norm would be, given the apparently unique circumstances presented.
> Notwithstanding [Danner's] attacks upon the assumption made by trial counsel that the driving while suspended charge referred to in the police report as a citation was the same driving while suspended charge filed in the felony case; and counsel's further assumption based upon his experience that the speeding citation was not separately filed, [Danner] presented no evidence to establish that those assumptions were unreasonable or that investigation of the records of the Misdemeanor Court would be professionally required, or appropriate as the norm.

4

Id. at 135 (footnote omitted).  Consequently, the post-conviction court denied Danner's petition for post-conviction relief.  Danner now appeals.

**Analysis**

Danner challenges the denial of his petition for post-conviction relief.  A court that hears a post-conviction claim must make findings of fact and conclusions of law on all issues presented in the petition.  Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009) (citing Ind. Post-Conviction Rule 1(6)).  "The findings must be supported by facts and the conclusions must be supported by the law."  Id.  Our review on appeal is limited to these findings and conclusions.  Id.  Because the petitioner bears the burden of proof in the post-conviction court, an unsuccessful petitioner appeals from a negative judgment.  Id. (citing P-C.R. 1(5)).  "A petitioner appealing from a negative judgment must show that the evidence as a whole 'leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court.'"  Id. (quoting Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001), cert. denied.  Under this standard of review, "[we] will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion."  Id.

Danner argues that he received ineffective assistance of trial counsel.  To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance.  Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)), cert.

5

denied). A counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. French v. State, 778 N.E.2d 816, 824 (Ind. 2002). To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to satisfy either prong will cause the claim to fail. Grinstead v. State, 845 N.E.2d 1027, 1031 (Ind. 2006).

Danner's argument concerns Indiana's successive prosecution statute, which provides:

> A prosecution is barred if all of the following exist:
>
> (1)    There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.
>
> (2)    The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.
>
> (3)    The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

Ind. Code § 35-41-4-4(a). The post-conviction court found that, if Danner's trial counsel had raised the successive prosecution statute, Danner could not have been found guilty of the charges in FA-39. On appeal, the State does not challenge that finding or the finding that Danner was prejudiced by his trial counsel's failure to raise the issue. Rather, the

6

sole issue on appeal is whether Danner's trial counsel's performance was deficient for failing to raise the issue.

Deficient performance is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." State v. McManus, 868 N.E.2d 778, 790 (Ind. 2007), cert. denied. Our inquiry focuses on the attorney's actions while recognizing that "'[i]solated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective.'" Id. (quoting Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001), cert. denied). A "strong presumption arises that counsel rendered adequate assistance." Id. "[W]e require the defendant or petitioner to show that, in light of all the circumstances, the identified acts or omissions of counsel were outside the wide range of professionally competent assistance." Roche v. State, 690 N.E.2d 1115, 1120 (Ind. 1997). "This showing is made by demonstrating that counsel's performance was unreasonable under prevailing professional norms." Id.

The parties focus on trial counsel's failure to investigate the CM-6318 conviction and failure to file a motion to dismiss the FA-39 charges as a result of the successive prosecution statute. According to Danner, his trial counsel should have been aware of the CM-6318 conviction because of information in the FA-39 probable cause affidavit, which provided: "It should be noted that Danner was issued a citation for Driving While Suspended/Priors and Speeding 42/30 mph speed zone (citation #'s 06-99867 and 06-99868)." Petitioner's Ex. 1A. At the post-conviction hearing, Danner's trial counsel testified that he had been an attorney for thirty-five years, that successive prosecution

7

cases are rare, and that he had never before had a case involving successive prosecution. Trial counsel testified that he typically reviewed probable cause affidavits and that he likely would have reviewed Danner's probable cause affidavit in FA-39, but he did not specifically recall doing so. He further testified that the language in the probable cause affidavit would not have put him on notice that Danner had another pending case as a result of the same incident. Trial counsel did not recall previously encountering any similar cases with charges filed in two different courts, and he did not recall Danner telling him about the CM-6318 charges. Danner presented no other evidence at the post-conviction hearing.

On the deficient performance argument, the post-conviction court found: "The evidence presented at the hearing provided no basis for determining what the prevailing professional norm would be, given the apparently unique circumstances presented." Appellant's App. p. 135. We agree. To show that his counsel's performance was deficient, Danner was required to present evidence that the performance was unreasonable under prevailing professional norms, but Danner presented no such evidence. Without such evidence, we cannot say that the failure to recognize the successive prosecution issue based on the one sentence in the probable cause affidavit was "outside the wide range of professionally competent assistance." Roche, 690 N.E.2d at 1120.

We do not mean to hold that a petitioner can never show deficient performance by counsel's failure to recognize a successive prosecution issue. In fact, we can envision cases where a petitioner could establish deficient performance under those circumstances.

However, the record presented to us does not clearly establish that an attorney acting pursuant to prevailing professional norms should have discovered the successive prosecution issue based solely on the one sentence in the probable cause affidavit. Danner has failed to demonstrate that "the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision." State v. Holmes, 728 N.E.2d 164, 169 (Ind. 2000), cert. denied.

## Conclusion

Danner has failed to demonstrate that the post-conviction court's decision is clearly erroneous. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.