Mr. Justice Washington,
delivered the opinion of the Court; and after stating the case, proceeded as follows:
The aboye case presents two questions for the consideration of this Court. . 1. Whether the Court below was correct, in restoring, to the Portuguese owner that part of the cargo of the Fanny which was restored? And, 2.. Whether the freight which was ordered by the Court to be paid to the owners of that vessel, ought, in whole or in part, to have been deducted from the appraised valúe of the hides ?
Upon the first question, it is tobe observed, that the facts above stated are incontestibly proved by the evidence in the cause; That the capturing vessel, the New Republicana, was built at Balti *668 more, purchased at that place by citizens of the United States, and there manned and fitted for . sea, armed and equipped as á vessel of war, within the waters and jurisdiction of the United States; and with such equipments, .left the United States, to cruise against the vessels and . property of Spanish and- Portuguese subjects on the high seas; and: upon such cruise, captured the Don Pedro de Alcantara, with a valuable cargo, belonging to Portuguese subjects, were facts too clearly proved to be questioned; nor were they questioned by the counsel for 'the claimants. It is established,, by evidence equally clear and .uncontradicted, that the 4004 hides wyhich. were brought in the Fanny from St; Thomas to Baltimore, upon which the sentence of the Court below operated, formed a part of the cargo of the Don Pedro de Alcantara at the time of her, capture, and that they were the property of ^Portuguese subjects.
..This, then,-' is the case of property belonging to; the subjects of a friendly power, captured on the high seas by a privateer,- owned and commanded by citizens of the United States, fitted and equipped as a vessel of war, within the waters -and jurisdiction of the United States; and, according tothe/uniform decisions^ of this Court in similar cases, as well as in others, where similar equipments have been made within the waters of the United States by foreigners, the property so illegally captured and.brought within our jurisdiction, must be restored to the original owners, unless-it could be maintained that the sale of it to the claimant devested thosé owners of their right *669 to the same. But it is to be remarked, in the first place, that the asserted purchase of thesehides by Levy is unsupported by any evidence, whatever. He alleges in his claim, that he purchased the hides for a valuable consideration from Souf-. fron & Co. in the regular course of trade; but this allegation is. not upheld by any written document, or by the testimony of a single witness. The cause was depending more than two years in the Courts bejow, during all which time it . was fully in the power of the claimant, a resident of the island of St. Thomas, to have proved the reality of this purchase, by the testimony of the vendors, or otherwise, if the fact had been as it was alleged.
But, admitting the truth of the asserted sale to, Levy, he was, nevertheless, a purchaser from the agent of a tortious possessor of property to which he had no title whatever, and who, consequently, could transfer none to his vendee. The proceedr ings in the Vice-Admiralty Court of Margarita; by Commodore Jolly, against the Don Pedro de Alcantara and the small part of her cargo which had not been transhipped at the Five Islands, so far from amounting ¡to a sentence of condemnation, even of the property libelled as prize of war, proceeded, upon the ground of a recapture from a non-commissioned privateer, for which the recap-tor was rewarded by a liberal salvage, and the residue of the sales of the property was decreed to the Portuguese owners, in case they should claim the same within the period of a year and a day.. This Court is, therefore, of opinion that, *670 the decree of the Circuit Court, so far as it restores to the libellant the 4004 hides, or their proceeds, is right, and ought to be affirmed.
The second , question respects the freight, which the decree of the Court below ordered to be deducted from the appraised value of the hides; and it is attended by no difficulty but such as arises from the confined and imperfect statement of the facts appearing in this record. That the freight 'of the lignum vita, which did not belong to the libellants, and against which the proceedings were abandoned, ought not to have been paid out. of the proceeds of the hides, is a matter which we think is quite too dear to be disputed; and we think it probable that the mistake was occasioned by an oversight in . the Judge of the District Court, from his not knowing, or recollecting, when the petition for freight was before him,, that the lig-num vita had. been released from the operation of the libel. The decree, then, must, of course, be reversed, for this reason, and the cause remanded for further proceedings, in order to ascertain and separate the freight upon that article, from that dqe upon , the hides.
But there is, apparently, error in the decree in respect to'the whole of the freight, which, it is possible, may be explained and removed by a further, examination of this subject in the Court, below. The petition for freight claims the precise sum of 2094 dollars and 50 cents, as the balance .acknowledged to be due by the claimant,- and the account, signed by him on the 28th of December, 1818, which accompanied the petition, amounted *671 to a» acknowledgment that that sum was then due. The items of that account are, freight on 1095 barrels of flour, Out and home, per charter-party, 5 cases of furniture, 36 bags of corn, and 7 days de-murrage. Below that account is stated the freight diie upon the hides and lignum vitse, amounting to 1047 dollars and 25 cents. It would seem, therefore, as if the freight upon the hides ánd lignum vita, which arrived in Baltimore some; time in January, 1819, was not included in the account signed by the claimant, and if so, it was not .claimed to be due, nor required bf the petition to be paid. Yet the order of the Court, was, that it should be paid, and it was accordingly deducted from the. appraised value of the hides. If the.casé should turn out to be suqh as is above supposed, it would seem to warrant the conclusion, that the freight upon the hides had been paid by Levy, in which case it ought not to be deducted . from their appraised value, unless the reality of the asserted purchase of the hides by Levy should' be made to appear to the satisfaction of the Court below, without which, we are of opinion that he is to be considered as a.,malee fidei possessor, and, consequently, as not entitled to be reimbursed the freight so paid, out of the property of the Portuguese owners. If, on the other hand, it should appear that the claimant was a bona fidei purchaser of the hides, without notice, orthat-the freight upon them had not been paid by him to the owners of the Fanny, then it was properly deducted:
*672 Decree. This cause came on to be heard, &e. On consideratioh whereof, it is decreed and ordered, that , so much of the decree of the said Circuit Court as orders that the claimant pay to the libellant the appraised value of the hides, in the proceedings mentioned, together with interest and costs of suit, be, and the same is hereby affirmed, with costs, subject, however, to such deduction for freight as the said Circuit Court may hereafter direct, to be' paid out of said appraised value, as may be hereafter decreed under the further proceedings in this cause: And as to so much of said decree of said' Circuit Court, as directs the ¡amount; of freight to. be deducted,: agreeably to the previous order .of said Circuit Court,, the same is hereby reversed and annulled. And it is further ordered,, that said cause be remanded to' the said Circuit Court, for further proceedings to be had therein, according to law, for the purpose of ascertaining, upon further proof, whether the claim-, ant had paid the freight.of the hides to the owner of,the Fanny; and, if so*, whether the claimant was a bonce jidei purchaser of said hides, without notice.. And if the said Court should be satisfied from such further proof, that the said claimant, Nathan Levy, has paid the owner of the Fanny for said freight; or that he. was notsuch boruz jidei purchaser, without notice,, then with instructions not"to allow a deduction of freight from the said appraised value. But if the said claimant was syefo bonce jidei purchaser, without notice, or if said freight had not been paid by said, claimant to *673 the owners of the Fanny, then the-freight for the hides, excluding the freight on the lignum vibe, to be deducted from the appraised value of said hides.

 8 Wheat. Rep. 108.16/. 174.