Arturo AGUILAR, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0307–CR–370.

Court of Appeals of Indiana.

Jan. 18, 2005.

Janice L. Stevens, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

## OPINION ON REHEARING

CRONE, Judge.

### Case Summary

Arturo Aguilar petitions for rehearing in *Aguilar v. State,* 811 N.E.2d 476 (Ind.Ct. App.2004), challenging the enhancement of his sentence under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d

403 (2004). We grant Aguilar's petition and remand for resentencing.

### Issue

We restate the issue Aguilar presents as whether the enhancement of his sentence violated his Sixth Amendment right to have a jury determine the facts upon which the enhancement was based.

### Facts and Procedural History

Aguilar stabbed Sheila Michael to death in January 2001. A jury convicted Aguilar of murder, and the trial court imposed an enhanced sentence of sixty-five years.[1] *See* Ind.Code § 35–50–2–3 ("A person who commits murder shall be imprisoned for a fixed term of fifty-five (55) years, with not more than ten (10) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances[.]"). On appeal, Aguilar challenged the court's refusal of his tendered jury instruction on voluntary manslaughter as a lesser included offense. In our original opinion, we affirmed Aguilar's murder conviction, finding that the evidence did not support an inference that he acted under sudden heat. *See Aguilar,* 811 N.E.2d at 479.

### Discussion and Decision

On rehearing, Aguilar contends that the trial court's enhancement of his sentence violated his Sixth Amendment right, under the rule announced in *Blakely,* to have the facts supporting the enhancement of a sentence "beyond the statutory maximum" tried to a jury or admitted by the defendant. We first observe that the State did not file an appellee's brief.

---

1. The State requested a sentence of life without parole based on the aggravating circumstance of lying in wait. *See* Appellant's App. at 52 (State's request pursuant to Ind.Code § 35–50–2–9(b)(3)). In a bifurcated proceed-

ing, the jury found that the State did not prove that circumstance beyond a reasonable doubt and recommended a term of years. *See* Tr. at 748–49 (reading of jury's verdict).

The obligation of controverting arguments presented by the appellant properly remains with the State. When the appellee does not submit a brief, the appellant may prevail by making a prima facie case of error—an error at first sight or appearance. However, we are still obligated to correctly apply the law to the facts of the record to determine if reversal is required.

*Bovie v. State,* 760 N.E.2d 1195, 1197 (Ind. Ct.App.2002) (citations omitted).

By way of background, we note that in 2000 the United States Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. The Supreme Court decided *Blakely* to clarify what constitutes the "prescribed maximum sentence." *Blakely,* —— U.S. at ——, 124 S.Ct. at 2536.[2] The *Blakely* court held that the Sixth Amendment requires a jury to determine beyond a reasonable doubt the existence of aggravating factors used to increase the sentence for a crime above the presumptive sentence assigned by the legislature. *Id.* at 2538. The Court further explained that the relevant statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant—in this case, fifty-five years. *Id.* at 2537.

In sentencing Aguilar, the trial court summarized the relevant aggravating factors as follows: "his pattern of stalking, the prior restraining order obtained by the victim, his dishonest behavior with the Court, his attempts to argue both rage and lack of knowledge of the victim, [and] the prior batteries [on the victim] the night that this happened at a time when she was trying to leave him." Tr. at 811. The trial court found that the aggravating circumstances outweighed the mitigating circumstances and imposed a sixty-five-year sentence. Aguilar asserts that he "was punished for more than simply the crime for which he was tried, killing by stabbing. He was also punished for the manner in which he handled his relationship with Ms. Michael, the circumstances under which the stabbing occurred and his actions and statements during the prosecution." Appellant's Pet. for Reh'g at 4. In other words, Aguilar contends that the "[f]acts essential for an aggravated sentence were never determined by a jury." *Id.* at 5.[3]

■ We agree and therefore hold that the enhancement of Aguilar's sentence violated his Sixth Amendment right to trial by jury.[4] We disagree, however, with Aguilar's contention that double jeopardy principles preclude resentencing before a jury in accordance with *Blakely,* should

---

2. *Blakely* was issued June 24, 2004, almost a year after Aguilar was sentenced and approximately two weeks before we issued our original opinion in this case.

3. Aguilar also contends that he has not waived his Sixth Amendment/*Blakely* argument and that the alleged error cannot be considered harmless. We decline to respond to Aguilar's contentions on the State's behalf. We note, however, that another panel of this court recently rejected arguments by the State that a defendant waived his Sixth Amendment/*Blakely* argument by failing to object at the sentencing hearing on the basis of *Apprendi* and that *Blakely* does not implicate Indiana's sentencing scheme. *See Strong v. State,* 817 N.E.2d 256, 258–62 (Ind.Ct.App. 2004), *pet. for reh'g pending.*

4. Moreover, Aguilar did not admit to any of the aggravating factors cited by the trial court.

the State so desire. *See id.* at 7–8 (citing *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981)). In *Bullington,* the Supreme Court held that the State may not seek the death penalty against a defendant on retrial, where the jury in the first trial chose a lesser penalty in a bifurcated sentencing proceeding in which the State "undertook the burden of establishing certain facts beyond a reasonable doubt in its quest to obtain the harsher or two alternative verdicts." *Bullington,* 451 U.S. at 438, 101 S.Ct. 1852. The Court further stated, "Because the sentencing proceeding at petitioner's first trial was like the trial on the question of guilt or innocence, the protection afforded by the Double Jeopardy Clause to one acquitted by a jury also is available to him, with respect to the death penalty, at his retrial." *Id.* at 446, 101 S.Ct. 1852. We find *Bullington* inapposite, in that the State has not had an opportunity to submit the relevant facts to a jury, and the bench sentencing hearing was not akin to a trial on Aguilar's guilt or innocence. Accordingly, we remand for resentencing.[5]

Petition for rehearing granted; remanded for resentencing.

BARNES, J., concurs with opinion.

BAKER, J., dissents with opinion.

BARNES, Judge, concurring.

I concur fully, but point out the specific chronology of this case. Aguilar was sentenced on June 27, 2003, and he timely initiated a direct appeal. The case was fully briefed as of May 24, 2004. *Blakely* was decided on June 24, 2004. We affirmed his conviction on July 9, 2004, and Aguilar filed this petition for rehearing on July 19, 2004, well within the thirty-day limit for filing a rehearing petition. *See* Ind. Appellate Rule 54(B).

It is clear that newly announced constitutional rules must be applied to all cases still pending on direct review when the rule was announced. *See Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). The fact is this appeal was in our pipeline when *Blakely* was handed down and the rehearing petition was timely filed. *Blakely* was decided before our original opinion in this case was certified as final. Aguilar's direct appeal was still pending when *Blakely* was decided and, therefore, it must be applied here.

In another set of circumstances, I would not be as kindly disposed to the appellant. This remand for sentencing does not open all previous aggravated sentences to collateral attack under *Blakely.*

BAKER, Judge, dissenting.

I respectfully dissent from the majority's decision to grant rehearing in this case, inasmuch as Aguilar has raised the *Blakely* issue for the first time on rehearing. As a panel of this court observed in *Carson v. State,* 813 N.E.2d 1187, 1188–89 (Ind.Ct.App.2004), a defendant who fails to challenge his sentence on direct appeal has waived the issue. *See also Mitchell v. State,* 730 N.E.2d 197, 201 (Ind.Ct.App. 2000), *trans. denied,* (holding that when a defendant does not properly bring an objection to the trial court's attention so that the trial court may rule upon it at the appropriate time, he is deemed to have waived that possible error).

I would also note that the United States Supreme Court issued its opinion in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), well

---

**5.** Obviously, the State may not again attempt to prove the aggravating circumstance of lying in wait, as that issue has already been decided by a jury.

before Aguilar's sentencing hearing. In my view, that the *Apprendi* rule was extended in *Blakely* is of no moment, because Aguilar should have objected on *Apprendi* grounds and preserved this issue, just as the defendant in *Blakely* did. For these reasons, I vote to deny Aguilar's request for rehearing.