**Arturo AGUILAR, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 49S05–0503–CR–125.**

Supreme Court of Indiana.

May 11, 2005.

Rehearing Denied Aug. 11, 2005.

---

**32**

Janice L. Stevens, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Attorneys for Appellee.

ON PETITION TO TRANSFER FROM THE INDIANA COURT OF APPEALS, NO. 49A05–0307–CR–370.

PER CURIAM.

The Indiana Court of Appeals affirmed Aguilar's conviction for murder but granted Aguilar's Petition For Rehearing and remanded to the trial court for resentencing.

### Background

Arturo Aguilar was convicted of murder and sentenced to the presumptive term of 55 years, plus 10 additional years for aggravating circumstances. *See* Ind.Code § 35–50–2–3.

On appeal, Aguilar's "Brief Of Defendant/Appellant" and "Reply Brief of Defendant/Appellant" challenged his conviction but made no challenge to his sentence. On July 9, 2004, the Court of Appeals affirmed his conviction. *Aguilar v. State,* 811 N.E.2d 476, 479 (Ind.Ct.App.2004).

On July 19, 2004, Aguilar filed a Petition For Rehearing contending his sentence should be vacated because it violated *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). On January 18, 2005, the Court of Appeals granted his Petition For Rehearing and remanded to the trial court for resentencing. *Aguilar v. State,* 820 N.E.2d 762 (Ind.Ct.App.2005). The State thereafter filed a Petition To Transfer, which we granted on March 24, 2005.

### Discussion

In *Smylie v. State,* 823 N.E.2d 679 (Ind. 2005), we set forth parameters under which an appellant can raise a *Blakely* claim for the first time on appeal even if the appellant did not preserve such a claim by making an appropriate objection in the trial court. However, we held that "those defendants who did not appeal their sentence at all will have forfeited any *Blakely* claim." *Id.* at 691. Aguilar did not appeal his sentence; rather, his only sentencing challenge came after the Court of Appeals issued its decision on the single, non-sentencing issue he raised. Therefore, Aguilar is not entitled to relief under *Smylie.*

### Conclusion

We summarily affirm, *see* App. R. 58(A)(2), the Court of Appeals' principal opinion affirming Aguilar's conviction, *see Aguilar,* 811 N.E.2d 476. The judgment of the trial court is affirmed.

All justices concur.

Terrease NESBITT, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 71S05–0503–CR–130.

Supreme Court of Indiana.

May 11, 2005.

**Background:** Defendant was convicted in the Superior Court, St. Joseph County, Roland W. Chamblee, Jr., J., of murder, two counts of attempted murder, rape, and criminal deviate conduct, for which he was sentenced to aggregate term of 175 years' imprisonment. The Court of Appeals affirmed conviction, but sua sponte remanded to trial court for resentencing, finding that sentence violated *Blakely v. Washington.* Transfer was granted.

**Holding:** The Supreme Court held that defendant who did not appeal his sentence forfeited right to *Blakely* claim.

Affirmed.

Criminal Law ⟊1035(1)

Defendant who did not object to his murder sentence at trial or raise any issue regarding his sentence on appeal forfeited right to *Blakely* claim.

---

Gregory Paul Kauffman, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Attorneys for Appellee.

PER CURIAM.

The Indiana Court of Appeals affirmed Terrease Nesbitt's convictions for murder and two counts of Class A felony attempted murder, but remanded his case to the trial court for resentencing.

*Background*

Terrease Nesbitt was convicted of murder, two counts of attempted murder, rape, and criminal deviate conduct. The trial court imposed an aggregate sentence of 175 years (55 years for murder, 30 years for one of the attempted murder counts, 50 years for the other attempted murder count, 20 years for rape, and 20 years for criminal deviate conduct).

On appeal, Nesbitt's Appellant's Brief challenged his convictions for murder and attempted murder (he did not challenge his other convictions), but made no challenge to his sentence.[1] On November 24, 2004, the Court of Appeals affirmed his convictions in an unpublished memorandum decision and *sua sponte* remanded to the trial court for resentencing because, it held, Nesbitt's sentence violated *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Nesbitt v. State of Indiana,* No. 71A05–0404–CR–200, slip op., 819 N.E.2d 548 (Ind.Ct.App. Nov. 24, 2004) (unpublished). The State filed a Petition To Transfer, which we granted on March 31, 2005.

*Discussion*

In *Smylie v. State,* 823 N.E.2d 679 (Ind. 2005), we set forth parameters under which an appellant can raise a *Blakely* claim for the first time on appeal even if the appellant did not preserve such a claim by making an appropriate objection in the trial court. However, we held that "those defendants who did not appeal their sentence at all will have forfeited any *Blakely* claim." *Id.* at 691. Nesbitt did not appeal

---

1. Nesbitt did not file a Reply Brief.

his sentence at all. Therefore, he is not entitled to relief under *Smylie*.

### Conclusion

We summarily affirm, *see* App. R. 58(A)(2), that portion of the Court of Appeals' opinion affirming Nesbitt's convictions for murder and attempted murder. The judgment of the trial court is affirmed.

All justices concur.