827 N.E.2d 33 (2005)
Terrease NESBITT, Appellant (Defendant below),
v.
STATE of Indiana, Appellee (Plaintiff below).
No. 71S05-0503-CR-130.
Supreme Court of Indiana.
May 11, 2005.
Gregory Paul Kauffman, Indianapolis, IN, Attorney for Appellant.
Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Attorneys for Appellee.
PER CURIAM.
The Indiana Court of Appeals affirmed Terrease Nesbitt's convictions for murder and two counts of Class A felony attempted murder, but remanded his case to the trial court for resentencing.

Background
Terrease Nesbitt was convicted of murder, two counts of attempted murder, rape, and criminal deviate conduct. The trial court imposed an aggregate sentence of 175 years (55 years for murder, 30 years for one of the attempted murder counts, 50 years for the other attempted murder count, 20 years for rape, and 20 years for criminal deviate conduct).
On appeal, Nesbitt's Appellant's Brief challenged his convictions for murder and attempted murder (he did not challenge his other convictions), but made no challenge to his sentence.[1] On November 24, 2004, the Court of Appeals affirmed his convictions in an unpublished memorandum decision and sua sponte remanded to the trial court for resentencing because, it held, Nesbitt's sentence violated Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Nesbitt v. State of Indiana, No. 71A05-0404-CR-200, slip op., 819 N.E.2d 548 (Ind.Ct.App. Nov. 24, 2004) (unpublished). The State filed a Petition To Transfer, which we granted on March 31, 2005.

Discussion
In Smylie v. State, 823 N.E.2d 679 (Ind. 2005), we set forth parameters under which an appellant can raise a Blakely claim for the first time on appeal even if the appellant did not preserve such a claim by making an appropriate objection in the trial court. However, we held that "those defendants who did not appeal their sentence at all will have forfeited any Blakely claim." Id. at 691. Nesbitt did not appeal *34 his sentence at all. Therefore, he is not entitled to relief under Smylie.

Conclusion
We summarily affirm, see App. R. 58(A)(2), that portion of the Court of Appeals' opinion affirming Nesbitt's convictions for murder and attempted murder. The judgment of the trial court is affirmed.
All justices concur.
NOTES
[1] Nesbitt did not file a Reply Brief.