## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 20 2020, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Russell W. Brown, Jr.
King, Brown & Murdaugh, LLC
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terrease Nesbitt,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

May 20, 2020

Court of Appeals Case No. 19A-PC-2515

Appeal from the St. Joseph Superior Court

The Honorable Elizabeth C. Hurley, Judge

Trial Court Cause No. 71D08-1407-PC-31

**Najam, Judge.**

# Statement of the Case

Terrease Nesbitt appeals the post-conviction court's denial of his petition for post-conviction relief. Nesbitt raises two issues for our review, which we restate as follows:

1. Whether his appellate counsel rendered ineffective assistance when he did not challenge the validity of Indiana's sentencing scheme under *Blakely v. Washington*, 542 U.S. 296 (2004), which would have been an issue of first impression in Indiana at the time of Nesbitt's direct appeal.

2. Whether the post-conviction court erred when it concluded that a witness who purported to recant his trial testimony was not credible.

We affirm.

# Facts and Procedural History

On direct appeal, the Indiana Supreme Court described the procedural history of Nesbitt's convictions and appeal as follows:

> Terrease Nesbitt was convicted of murder, two counts of attempted murder, rape, and criminal deviate conduct. The trial court imposed an aggregate sentence of 175 years (55 years for murder, 30 years for one of the attempted murder counts, 50 years for the other attempted murder count, 20 years for rape, and 20 years for criminal deviate conduct).

> On appeal, Nesbitt's Appellant's Brief challenged his convictions for murder and attempted murder (he did not challenge his other

convictions), but made no challenge to his sentence. On November 24, 2004, the Court of Appeals affirmed his convictions in an unpublished memorandum decision and *sua sponte* remanded to the trial court for resentencing because, it held, Nesbitt's sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). *Nesbitt v. State of Indiana*, No. 71A05-0404-CR-200, slip op., 819 N.E.2d 548 (Ind. Ct. App. Nov. 24, 2004) (unpublished) [("*Nesbitt I*")]. The State filed a Petition [t]o Transfer, which we granted on March 31, 2005.

*Nesbitt v. State*, 827 N.E.2d 33, 33 (Ind. 2005) (per curiam) (footnote omitted) ("*Nesbitt II*"). After this Court's decision in *Nesbitt I* but prior to the grant of transfer in *Nesbitt II*, the Indiana Supreme Court decided *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005). In *Smylie*, the Court held that Indiana's sentencing scheme violated *Blakely*.

[4]     However, in granting the State's petition to transfer in *Nesbitt II*, the Indiana Supreme Court held that relief for Nesbitt under *Blakely* and *Smylie* was not available. As the Court explained:

> In *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005), we set forth parameters under which an appellant can raise a *Blakely* claim for the first time on appeal even if the appellant did not preserve such a claim by making an appropriate objection in the trial court. However, we held that "those defendants who did not appeal their sentence at all will have forfeited any *Blakely* claim." *Id.* at 691. Nesbitt did not appeal his sentence at all. Therefore, he is not entitled to relief under *Smylie*.

*Nesbitt II*, 827 N.E.2d at 33-34.

[5]     Thereafter, Nesbitt filed his petition for post-conviction relief. In that petition, Nesbitt alleged, in relevant part, that he had received ineffective assistance of appellate counsel when his counsel failed to preserve a *Blakely* challenge to Indiana's sentence scheme, as applied to Nesbitt. Nesbitt further alleged that he was entitled to post-conviction relief because a witness from his trial, Antonio Pettrie, had recanted his original trial testimony that Nesbitt was the person who had shot the three victims underlying Nesbitt's convictions for murder and attempted murder.

[6]     Following an evidentiary hearing, the post-conviction court denied Nesbitt's petition for post-conviction relief. In relevant part, the post-conviction court found and concluded as follows:

> [Nesbitt] fails to provide any argument as to how Mr. Pettrie's testimony is anything other than impeachment of his prior testimony, as Mr. Pettrie testified to an entirely different set of facts than he testified to at [Nesbitt's] original trial.
>
> More importantly, though, the Court finds that Mr. Pettrie's evidence is not worthy of credit. [Nesbitt] argues that Mr. Pettrie had no motive to lie, which makes his testimony credible. The Court disagrees. Mr. Pettrie clearly expressed his anger at the State, believing that the State represented to him that he would be out of prison by the time his daughter was ten years old[] if he testified truthfully at [Nesbitt's] trial. Mr. Pettrie is still serving his sentence and his daughter is at least ten years old, and he was clearly unhappy about this. The Court finds that Mr. Pettrie had no motive to tell the truth at the evidentiary hearing. The Court finds it highly probable that Mr. Pettrie knew if he testified at the evidentiary hearing that he lied on the stand during [Nesbitt's] trial and took the blame for everything that happened back at the

time of the crime[s], that there could be no significant negative consequences, and that he would be immune from any further state action related to those events.

\* \* \*

[Nesbitt] argues that [his appellate counsel] was ineffective for failing to challenge his sentence on appeal, thereby waiving his right to supplement his appeal with argument pursuant to the United States Supreme Court holding in *Blakely* . . . .  [Nesbitt] did not call [his appellate counsel] as a witness to explain why he made the decision he did not to challenge [Nesbitt's] sentence on appeal.  [Nesbitt] does not argue that the decision, in and of itself, was a bad decision.  The argument is that, in hindsight, it was a bad decision because it foreclosed his right to make a *Blakely* argument.

The Supreme Court did not decide *Blakely* until three months after [Nesbitt's appellate counsel] filed his Notice of Appeal. . . . The [Indiana] Court of Appeals first interpreted *Blakely*'s holding as it pertained to sentencing under Indiana law on October 24, 2004, in *Krebs v. State*, 816 N.E.2d 469 (Ind. Ct. App. 2004), approximately two months after [Nesbitt's appellate counsel had] filed his appellate brief . . . .

Based upon the information presented at the evidentiary hearing, and based upon the information known to [Nesbitt's appellate counsel] at the time of [Nesbitt's direct] appeal, the Court does not find that [Nesbitt's appellate counsel] failed to present a significant and obvious issue and that this failure cannot be explained by any reasonable strategy[.]

Appellant's App. Vol. 2 at 61-62, 65-66.  This appeal ensued.

# Discussion and Decision

## *Standard of Review*

Nesbitt appeals the post-conviction court's denial of his petition for post-conviction relief. Our standard of review in such appeals is clear:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Campbell v. State*, 19 N.E.3d 271, 273-74 (Ind. 2014). "When appealing the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* at 274. In order to prevail on an appeal from the denial of post-conviction relief, a petitioner must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (internal quotation omitted).

*Humphrey v. State*, 73 N.E.3d 677, 681-82 (Ind. 2017).

## *Issue One: Effective Assistance of Appellate Counsel*

On appeal, Nesbitt first asserts that he received ineffective assistance from his appellate counsel. As our Supreme Court has explained:

> When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466

U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687-88, 104 S. Ct. 2052). To satisfy the second prong, "the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694, 104 S. Ct. 2052).

*Id.* at 682.

[9]     Further, our Supreme Court has stated:

Ineffectiveness is rarely found when the issue is failure to raise a claim on direct appeal. *Bieghler v. State*, 690 N.E.2d 188, 193-94 (Ind. 1997). "'The decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel.'" *Id.* (quoting Lissa Griffin, The Right to Effective Assistance of Appellate Counsel, 97 W. Va. L. Rev. 1, 26 (1994)). *We give considerable deference to appellate counsel's strategic decisions and will not find deficient performance in appellate counsel's choice of some issues over others when the choice was reasonable in light of the facts of the case and the precedent available to counsel at the time the decision was made.* *Bieghler*, 690 N.E.2d at 194. We review the totality of appellate counsel's performance to determine whether the defendant received constitutionally adequate assistance. *Id.*

*Taylor v. State*, 717 N.E.2d 90, 94 (Ind.1999) (emphasis added).

[10] Nesbitt's specific argument is that his appellate counsel "failed to raise a sentencing issue" on direct appeal under *Blakely*, which, according to Nesbitt, "was clearly a significant and obvious issue that should have been raised . . . ." Appellant's Br. at 11. But *Blakely* was not "precedent available" to Nesbitt's appellate counsel at the time he filed the notice of appeal. *See Taylor*, 717 N.E.2d at 94. Moreover, at the time Nesbitt's appellate counsel filed the brief on appeal, no Indiana case had applied *Blakely* to our sentencing scheme. The Indiana Supreme Court would later recognize that, "[b]ecause *Blakely* represent[ed] a new rule that was sufficiently novel that it would not have been generally predicted, much less envisioned to invalidate part of Indiana's sentencing structure, requiring . . . counsel to have prognosticated the outcome of *Blakely* or of today's decision would be unjust." *Smylie*, 823 N.E.2d at 689.

[11] In other words, Nesbitt's appellate counsel cannot be said to have acted unreasonably and to have rendered ineffective assistance when he did not have the rare vision to see how *Blakely* might have later been applied to Indiana's sentencing scheme. *Id.* Thus, the post-conviction court did not err when it declined to find Nesbitt's appellate counsel's performance on direct appeal constitutionally deficient.

### Issue Two: Pettrie's Change in Testimony

[12] Nesbitt next asserts that the post-conviction court erred when it denied his petition for relief because he has new evidence that would be material to the outcome of his original trial, namely, Pettrie's change in testimony. We have

considered such arguments before, stating that, for such arguments to merit relief, the petitioner must establish each of the following:

> (1) that the evidence was not available at trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) *that the evidence is worthy of credit*; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.

*Wallace v. State*, 836 N.E.2d 985, 1000 (Ind. Ct. App. 2005) (emphasis added), *trans. denied*.

[13] Although Nesbitt addresses each of the above nine elements, the post-conviction court found Pettrie's new testimony was merely impeaching, and, more importantly, the court found as a matter of fact that Pettrie's new testimony was not worthy of credit. Like the post-conviction court, we are not persuaded by Nesbitt's argument that Pettrie's new testimony is anything other than an attempt to impeach himself and other witnesses. Moreover, we are in no position to challenge the court's assessment of Pettrie's credibility. Accordingly, we cannot say the post-conviction court erred when it concluded that Nesbitt had not met the requisite showing for relief on this issue.

[14] Affirmed.

Kirsch, J., and Brown, J., concur.