*Florence v. Seggos*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

DENNIS SCOTT FLORENCE,
MICHAEL ST. JEANOS,

> *Plaintiffs-Appellants,*

v.                                                                          No. 21-834

BASIL SEGGOS, as Commissioner of the New
York State Department of Environmental

Conservation, CHRIS BALLANTYNE, Deputy Commissioner of the New York State Department of Environmental Conservation, MARLINE AGNEW, Director of Personnel of the State of New York Department of Environmental Conservation, BERNARD RIVERS, Director of Law Enforcement for the New York State Department of Environmental Conservation, JOHN DOE, intended to refer to unidentified members of the Staff of Andrew M. Cuomo, Former Governor of the State of New York, JANE DOE, intended to refer to unidentified members of the Staff of Andrew M. Cuomo, Former Governor of the State of New York,

*Defendants-Appellees.*\*

_____

**FOR PLAINTIFFS-APPELLANTS:**      JAMES B. TUTTLE, The Tuttle Law Firm, Clifton Park, NY.

**FOR DEFENDANTS-APPELLEES:**      JENNIFER L. CLARK, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY.

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

Appeal from a judgment of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** to the district court for further proceedings consistent with this summary order.

Plaintiffs-Appellants Dennis Scott Florence and Michael St. Jeanos, two white men, allege that they were passed over for the position of Director of Law Enforcement ("DLE") at the New York State Department of Environmental Conservation (the "Department"). In December 2017, when then-DLE Joe Schneider announced his intention to retire in March 2018, the DLE position was "classified" under the New York State Civil Service Law, a designation indicating that applicants must pass a test to be eligible for the position. Plaintiffs, who were both majors in the Department, passed the test; St. Jeanos earned the highest score, and Florence tied with three others for the second-highest score. When Schneider retired, however, a permanent successor had not been named, and the Department appointed Bernard Rivers, a Black man and a captain in the Department who had taken and failed the test, as the Acting DLE. The Department's stated rationale

3

was that giving the "acting" position to someone ineligible for the permanent position would avoid conferring an unfair advantage on any of the eight applicants who had passed the test.

Over the next several months, however, the Department petitioned the New York State Civil Service Commission to reclassify the DLE position in order to open it to applicants other than those who had passed the test. One of the Department's professed reasons for seeking the change was that it could attract a more diverse pool of applicants if a test were no longer required. During this period of time, Rivers allegedly confirmed that someone on the staff of then-Governor Andrew Cuomo "was advocating for [him] from an affirmative action standpoint." J. App'x at 80, ¶ 26. Aside from Rivers's lower rank and failing test score, Plaintiffs also allege that he was not adequately discharging his duties as Acting DLE and was frequently absent from the office. Nevertheless, the Civil Service Commission ultimately acceded to the Department's reclassification request. Freed from the strictures of the test, the Department interviewed only Rivers and appointed him to the permanent position on November 6, 2018.

Plaintiffs initiated this suit on January 31, 2020, asserting claims for racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

4

§ 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983. After Plaintiffs amended their complaint, Defendants moved to dismiss. Plaintiffs opposed the motion and sought leave to amend their complaint a second time, attaching a proposed Second Amended Complaint ("SAC") that included more specific allegations that Defendants violated their constitutional rights to equal protection and due process and asserted causes of action under sections 1981 and 1983, as well as under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). They also proposed adding the Department and the State of New York as defendants. The district court dismissed Plaintiffs' complaint in its entirety for failure to state a claim and further denied leave to amend on the ground that the SAC also failed to state a claim, making amendment futile. Plaintiffs timely appealed.

On appeal, Plaintiffs argue that the proposed SAC sufficiently states claims for relief and that the district court therefore erred in denying as futile their request for leave to amend. We review de novo a district court's dismissal of a complaint for failure to state a claim, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences in Plaintiffs' favor. *See Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020). While refusal to permit amendment of a complaint is typically reviewed for abuse of discretion, where, as here, the district

5

court denies permission to amend on the ground that amendment would be futile, that determination is likewise reviewed de novo. *See Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). Amendment is futile when the proposed amended complaint would not survive a Rule 12(b)(6) motion to dismiss. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Title VII makes it "an unlawful employment practice . . . to fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To state a Title VII claim, a plaintiff need only plausibly allege that race was a "motivating factor" with respect to the adverse employment decision. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

The district court erred in holding that the SAC failed to state a Title VII claim. Plaintiffs, who were majors, had superior rank to Rivers, who was a captain. They also allege that they were assigned to units with greater responsibilities and that they registered the highest scores on a test designed to measure aptitude – a test that Rivers failed. As for the Department's purported discriminatory motivation, Plaintiffs allege that the Department openly

6

acknowledged that its request to reclassify the DLE position was designed to bypass the all-white list of test-passing candidates that existed when the DLE position became vacant. When viewed together, these facts easily suffice to "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Id.* at 86–87 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

Defendants try to resist this conclusion in two principal ways. First, they echo the district court in contending that Plaintiffs' pleadings are overly reliant on test scores that were "rendered irrelevant once the [DLE] position was reclassified" by the Civil Service Commission. Appellees' Br. at 8. The test's continuing relevance, however, is a factual question inappropriate for resolution on a motion to dismiss. The Department's abandonment of the test does not suggest it was a *worthless* metric of evaluation, or even a bad one. Indeed, given the significant difference between the test scores of Plaintiffs and Rivers, Rivers's poor performance might still be a substantial strike against his hiring even if the test retained only a modest connection to potential job performance after the DLE position was reclassified. The district court therefore erred in assuming that the position's reclassification rendered the test scores irrelevant to the Title VII

7

analysis – at least at this stage of the litigation, when all reasonable inferences are to be drawn in Plaintiffs' favor. *See Lynch*, 952 F.3d at 74–75.

Second, Defendants contend that Rivers was not similarly situated to Plaintiffs at the time of his appointment to the permanent position because he already had valuable experience as Acting DLE – an advantage he held over Plaintiffs, who had no such experience. True, "adverse actions taken against employees who are not similarly situated cannot establish an inference of discrimination." *Littlejohn*, 795 F.3d at 312. But Plaintiffs allege that Rivers's performance as Acting DLE was substandard and that he flouted rules mandating full-time presence at the Department's Albany headquarters, where Rivers sometimes appeared for only twelve hours per week.[1] "Whether two employees are similarly situated ordinarily presents a question of fact for the jury," and we decline to hold that Rivers's seven months of experience as Acting DLE render Defendants immune from this Title VII claim as a matter of law. *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). As such, we hold that the district court

---

[1] Defendants argue that the requirements of the job changed after it was reclassified. They will, of course, be permitted to develop this factual matter on remand, but at the pleading stage, we will not draw against Plaintiffs the far-from-obvious inference that reclassifying the position to remove the required test also somehow changed the nature of the job to one where frequent in-office presence was no longer required.

erred in determining that the SAC insufficiently pleaded a Title VII claim, and we remand for that claim to proceed against appropriate defendants.

The same cannot be said with respect to Plaintiffs' other causes of action. To state a claim under sections 1981 and 1983 – the vehicles for Plaintiffs' equal protection and due process claims – the complaint must plausibly allege Defendants' "personal involvement" in the wrongful acts at issue. *Patterson v. County of Oneida*, 375 F.3d 206, 229 (2d Cir. 2004). The SAC clearly fails to meet this standard, as it conclusorily – and vaguely – pleads merely that "Defendants" committed the various allegedly wrongful acts at issue in this case. Indeed, Defendant Agnew's name appears nowhere in the SAC other than the paragraph that names her as a defendant. Plaintiffs more or less admit to their vague pleadings on this score, saying they "know[] very little about what transpired." Appellants' Opening Br. at 36. Accordingly, the district court properly dismissed Plaintiffs' claims against the individual defendants under sections 1981 and 1983 for failing to allege any defendant's personal involvement.

Plaintiffs' *Monell* claim fails for a similarly fundamental pleading deficiency. *Monell* limits its reach "to local government units which are not considered part of the State for Eleventh Amendment purposes." *Monell v. Dep't of Soc. Servs.*, 436

9

U.S. 658, 690 n.54 (1978); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under [section] 1983."). Because Plaintiffs name only individuals and state entities as defendants in the SAC, the district court properly held that there could be no *Monell* liability here.

Finally, Plaintiffs argue that, to the extent the SAC was deficient, they were entitled to an opportunity to replead. We disagree. A court may dismiss with prejudice if there is no "indication that [a plaintiff] could – or would – provide additional allegations" to support a plausible claim. *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011). Here, there is no indication that Plaintiffs could provide any additional allegations to salvage the otherwise deficient section 1981, section 1983, and *Monell* claims. The only additional allegations mentioned on appeal pertain to the Title VII claims, which we held were already sufficiently pleaded in the SAC. Plaintiffs do not even attempt to argue that they could plead facts remedying the deficiencies we have identified with respect to their other claims. We therefore see no error in the district court's denial of Plaintiffs' request to replead yet again.

Accordingly, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court, and the case is **REMANDED** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court